[L. A. No. 5939. In Bank.—February 2, 1922.]

CHARLES A. SON, Respondent, v. NELLIE ADAMSON et al., Appellants.

[1] PUBLIC LANDS—WITHDRAWAL ORDER—HOMESTEAD ENTRY—MINERAL RIGHTS—IMPROVEMENTS.—A homestead entryman of land covered by the withdrawal order of the President of the United States, which order was ratified and confirmed by Congress June 25, 1910 (36 U. S. Stats. at Large, 847), did not acquire the right to an oil well derrick and other fixtures erected by a mineral claimant prospecting for oil under locations made before the withdrawal order and before the homestead entry, where the mineral claimant has not abandoned his rights and is seeking to maintain them as against the homestead entryman and the government, as the homestead entryman acquired no title to the minerals in the land either by the entry or by a patent issued in pursuance thereof, the mineral rights being reserved to the government and the improvements being appurtenant to the mining rights and not to the land.

APPEAL from a judgment of the Superior Court of Kern County. Howard A. Peairs, Judge. Affirmed.

The facts are stated in the opinion of the court.

Alfred Siemon, Edson Abel and Kaye, Siemon & Abel for Appellants.

C. L. Claflin for Respondent.

WILBUR, J.—This action involves the right of the parties to improvements consisting of oil well machinery and a derrick upon government land. Plaintiff relies upon a placer mining location of the land made in May, 1908, by plaintiff's predecessor and the defendants rely upon a homestead entry made November 3, 1916, by defendant Nellie Adamson. Judgment was entered enjoining the defendants from interference with the oil well machinery. The defendants appeal upon the ground that the improvements are fixtures and that by virtue of the homestead entry of Nellie Adamson she has acquired title thereto. The plaintiff has not abandoned his right to the land and was still in possession thereof at the time of the trial except in so far as a portion thereof had been occupied by the defendant Nellie Adamson under and by virtue of her homestead entry.

In January, 1909, the plaintiff erected an oil well derrick upon the land and on December 6, 1910, leased the land to the Midway Southern Oil Company, which company, during the year 1910, took possession of the land and began drilling for oil thereon. That company drilled two wells for oil on the land and remained in possession until January 31, 1914, at which time plaintiff secured possession of the land by virtue of a decree of court forfeiting the lease to said company and restoring the right of possession to the plaintiff. After the erection of the oil well derrick on September 27, 1909, the President of the United States made an order withdrawing said land from placer oil locations, which was ratified and confirmed by Congress June 25, 1910 (36 U. S. Stats. at Large, 847 [8 Fed. Stats. Ann., 2d ed., p. 657; U. S. Comp. Stats., secs. 4523–4525]). The withdrawal order and the act of Congress recognized the right of a *bona fide* placer mining locator to continue with due diligence to perfect such location by discovery. The trial court does not specifically find as a fact that any discovery of oil was made upon the premises in question nor that the work of the locator to make a discovery was being prosecuted with due diligence at the

time of the withdrawal order. The court does, however, find that the occupation by the plaintiff was *bona fide* and not in violation of the withdrawal order.

[1] The question thus submitted for our consideration is this: Does a homestead entryman of land covered by such withdrawal order of the President and such act of Congress acquire the right to an oil well derrick and other fixtures erected by a mineral claimant prospecting for oil under locations made before the withdrawal order and before the homestead entry where the mineral claimant has not abandoned his rights and is seeking to maintain them as against the homestead entryman and the government? In determining this question it should be stated that the homestead entryman acquires no title to the minerals in the land either by the entry or by the patent issued in pursuance thereof. These are reserved to the government.

The act of Congress authorizing such location of lands so withdrawn provides: "That lands withdrawn . . . as . . . oil [land] shall be subject to . . . entry . . . under the nonmineral land laws of the United States, whenever such . . . entry . . . shall be made with a view of obtaining . . . title with a reservation to the United States of the deposits on account of which the land was withdrawn . . . together with the right to prospect for, mine, and remove the same; . . . Provided, that all applications to . . . enter, or purchase under this section shall state that the same are made in accordance with and subject to the provisions and reservations of this Act." (38 U. S. Stats. at Large, 509, sec. 1 [6 Fed. Stats. Ann., 2d ed., p. 613; U. S. Comp. Stats., sec. 4640a].) The patent issued in pursuance of the location must contain a similar reservation. The act also authorizes persons acquiring the mineral rights therein from the United States "to mine and remove the reserved deposits" and "re-enter and occupy so much of the surface thereof as may be required for all purposes reasonably incident to the mining and removal of the minerals therefrom." (Section 2 [sec. 4640b].) This act of Congress, therefore, does not offer to the homestead entryman a title to the fee, but only to the surface of the ground, reserving such rights in the surface as may be necessary to develop the oil underlying the land. The plaintiff, therefore, is not encroaching upon defendant's rights but upon the rights reserved to the

government. Defendant's claim to the fixtures is upon the theory that they are attached to her land. As a matter of fact they are appurtenant to the mineral rights in the land and defendant has secured no interest in these rights by her homestead entry. We are not called upon to consider plaintiff's right of possession as against the United States government. The title to both the surface and to the oil rights is still in the United States government. (*People* v. *Shearer,* 30 Cal. 645; *Hutchings* v. *Low,* 82 U. S. 77 [21 L. Ed. 82, see, also, Rose's U. S. Notes].)

The defendant Nellie Adamson by her homestead entry secured no right to the oil below the surface, nor to the right to prospect therefor which was reserved to the United States government (38 U. S. Stats. at Large, 509). It follows that she obtained no right to the oil well and mining machinery located upon said claim for the purpose of prospecting for oil, which under our statute (Civ. Code, sec. 661), and we think under the United States statute (38 U. S. Stats. at Large, 509), were appurtenant to the mining rights and not to the land.

Judgment affirmed.

Lennon, J., Shurtleff, J., Sloane, J., Lawlor, J., and Shaw, C. J., concurred.